BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:12-MC-00064-JAM-GGH |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $26,985.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 8, 2012, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $26,985.00 in U.S. Currency (the "Defendant Currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about May 25, 2012, the DEA received a claim from David Fishman asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on February 8, 2012, officers with the South Lake Tahoe Narcotic Task Force executed a state search warrant at the office of David Fishman. The officers found approximately $26,985.00 in cash and 23 pounds of opium. Fishman admitted that he uses poppy seeds

as a pain killer and that he makes tea with the opium pods.

4. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained above, David Fishman specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, David Fishman agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. David Fishman acknowledged that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, David Fishman shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $16,985.00 of the $26,985.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days

thereafter, $10,000.00 of the $26,985.00 in U.S. Currency shall be returned to potential claimant David Fishman through his attorney William Cole.

    12.    The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  David Fishman waived the provisions of California Civil Code § 1542.

    13.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    14.    Claimant waived any and all claim or right to interest that may have accrued on the Defendant Currency.

    15.    All parties are to bear their own costs and attorneys' fees.

    16.    The U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this Consent Judgment of Forfeiture.

## CERTIFICATE OF REASONABLE CAUSE

    17.    Based upon the allegations set forth in the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture action.

SO ORDERED THIS 4th day of March, 2014.

/s/ John A. Mendez

JOHN A. MENDEZ
United States District Court Judge